| | |
|---|---|
| JOSE CRUZ MARTINEZ-MORALES, et al. )<br><br>Plaintiffs, )<br>v. )<br><br>VALENTINO LOPEZ JR., et al. )<br><br>Defendants. ) | ORDER |

This matter comes before the Court on plaintiffs' motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). [DE 67]. Defendants responded, and plaintiffs replied. In this posture, the matter is ripe for adjudication.

## BACKGROUND

Plaintiffs are thirteen Mexican H-2A visa holders who traveled to North Carolina in 2020 to harvest produce on defendants' farms. They claim defendants (1) did not reimburse them for their visa expenses until after their first week, (2) paid them less than minimum wage, and (3) charged unlawful recruiting fees. Plaintiffs claim defendants violated the Fair Labor Standards Act ("FLSA") and seek to bring claims on behalf of themselves individually and all other similarly situated employees through the FLSA's collective action procedure. 29 U.S.C. § 216(b). The Court has received the sworn declarations of plaintiff Jose Cruz Martinez-Morales [DE 67-1], plaintiff Marisol Florencio-Gutierrez [DE 67-2], and plaintiff Sergio Villalva-Gatica [DE 67-3].

Plaintiffs define the class as:

"H-2A workers employed by Valentino Lopez, Jr., at any time in 2020, who file a Consent to Sue pursuant to 29 U.S.C. 216(b) and who performed agricultural or related work for Defendants in or around Sampson County, North Carolina, and who were required by Defendants to pay unlawful recruitment fees, were not fully reimbursed for their inbound travel costs in the first paycheck they received, and/or were paid less than the minimum hourly wage of $7.25 per hour required by the FLSA for any H-2A worker's weekly wage(s)."

[DE 67]. In 2022, the Department of Labor investigated one of the defendants (Valentino Lopez) and found that he violated the FLSA in 2020 and 2021. As a result, defendants paid $58,039.22 to the DOL, the sum of unpaid reimbursement regarding transportation to America ($39,399.22), transportation from America ($14,800.00), and labor certification fees ($3,900.00).[1] Over seventy workers are eligible to claim a portion of that DOL settlement.

## DISCUSSION

The FLSA allows employees to maintain an action against an employer for unpaid minimum wages and overtime pay on behalf of themselves and all others similarly situated. 29 U.S.C. § 216(b). An employee who desires to participate in an FLSA collective action must "give [] his consent in writing to become . . . a party. . . ." *Id.* There are two requirements for the certification of an FLSA collective action. First, the proposed class members must be "similarly situated." *Id.* Second, the class members must "opt-in" by filing their consent to join the suit. *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011).

### I. Plaintiffs' class members are "similarly situated."

Putative class members are "similarly situated" if they "raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions. . . ."

---

[1] Additionally, Lopez agreed to pay $62,531.20 in civil penalties.

2

*McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465 (E.D.N.C. 2010); (citing *De Luna-Guerrero v. N. Carolina Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004)).

Here, plaintiffs are "similarly situated" with the proposed class. The class is limited to those who worked on defendants' farms in North Carolina in 2020. It is also limited to those workers to whom defendants: paid less than minimum wage, charged unlawful recruiting fees, or failed to reimburse their travel fees. Plaintiffs' sworn declarations are evidence that plaintiffs suffered those same harms. [DE 67-1, 67-2, 67-3]. That is sufficient to show plaintiffs are similarly situated to the proposed class.

## II.    Certification is appropriate regardless of the DOL settlement.

The class actions provisions "depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 147 (4th Cir. 1992). Before deciding how to navigate the DOL settlement and this suit, putative class members must be fully informed of both. Plaintiffs' notice provides precisely the type of information needed to make an informed decision. The notice informs class members of their potential right to collect a portion of the DOL settlement with the caveat that – if they accept the settlement – they may be disqualified from joining this suit.

Defendants argue that plaintiffs are not similarly situated because accepting the DOL settlement disqualifies a worker from joining this suit.[2] That argument does not cast doubt upon plaintiffs' showing that their factual setting is manageably similar to the putative class member's factual setting. *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 747 (E.D.N.C. 2017). To be sure, at a later stage, some individualized inquiry may be necessary to determine whether the

---

[2] The Court need not decide now whether acceptance of the DOL settlement is an absolute bar to class membership.

3

DOL settlement mitigates defendants' liability. But now, conducting discovery to determine which plaintiffs have already accepted the DOL settlement is unnecessary. Thus, the Court will grant plaintiffs' request for conditional certification.

Defendants ask for sixty days to determine whether any workers are *not* covered by the DOL settlement. "Time is of the essence in FLSA collective actions." *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2016 WL 1703351, at *3–4 (E.D.N.C. Apr. 27, 2016). Some putative class members were injured in May 2020, and the statute of limitations for those injuries is three years. That means some class members only have until May 2023 to join this suit. *Rosinbaum*, 238 F. Supp. 3d at 744. Defendants' request for limited discovery would mean that – by the time the Court issued notice – some plaintiffs would be statutorily barred from making a claim. Therefore, the timely receipt of notice is imperative.

### III. Plaintiffs have six months to file notice and consent forms.

The Court will allow plaintiffs six months to distribute notice and file consent forms. [DE 67-5, 75-1]. The putative class members are poor Spanish-speaking migrant workers who may have returned to Mexico. To offer a meaningful opportunity to join this suit, plaintiffs' counsel will need six months to locate and notify potential class members of their opportunity to "opt-in" to this action. *See Arellano Galvan v. San Jose Mexican Rest. of NC, Inc.*, No. 7:16-CV-39-FL, 2016 WL 7264100, at *3 (E.D.N.C. Dec. 15, 2016) (granting plaintiffs' request for a six-month opt-in period). Defendants contend a sixty-day notice period is appropriate because plaintiffs have offered no evidence that the putative class is in "dispersed locations." [DE 73 at 14]. But defendants concede they do not know the location of the putative class members. Therefore, a

4

six-month period is appropriate to distribute notice [DE 75-1] and file plaintiffs' opt-in consent forms [DE 67-5].

## IV. Defendants must provide putative class members' contact information.

Defendants must provide plaintiffs with contact information about the punitive class members. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169–70 (1989). The contact information should be sufficient to allow plaintiffs to provide notice to putative class members. When putative class members are difficult to notify, defendants may be required to provide more contact information. As noted above, the punitive class members are Spanish-speaking migrant workers who may be living in Mexico or the United States.

Plaintiffs request the defendants provide the following information for each potential collection action member: full names, date(s) of employment, employee ID, passport number and copy of passport biographical page, U.S. and Mexico addresses, home, cell, and WhatsApp phone numbers (United States and Mexico), location of work performed for the defendants, and date of birth of all putative collective action members.

Defendants do not oppose plaintiffs' request.

Providing such information to plaintiffs raises "the risk of 'improper solicitation' and the 'needless intrusion into the privacy of these individuals and their families." *Arevalo v. D.J.'s Underground, Inc.*, No. CIV.A DKC-09-3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010). However, the privacy interest is outweighed by the need to provide the class members with notice. Therefore, defendants must provide plaintiffs with the requested information.

5

## CONCLUSION

The Court hereby GRANTS the plaintiffs' motion and conditionally certifies this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) as follows:

"H-2A workers employed by Valentino Lopez, Jr., at any time in 2020, who file a Consent to Sue pursuant to 29 U.S.C. 216(b) and who performed agricultural or related work for Defendants in or around Sampson County, North Carolina, and who were required by Defendants to pay unlawful recruitment fees, were not fully reimbursed for their inbound travel costs in the first paycheck they received, and/or were paid less than the minimum hourly wage of $7.25 per hour required by the FLSA for any H-2A worker's weekly wage(s)."

To the extent defendants have or can reasonably obtain such information, defendants are ORDERED to provide plaintiffs a computer-readable list containing the following information regarding the putative action members: the full names, date(s) of employment, employee ID, passport number and copy of passport biographical page, U.S. and Mexico addresses, home, cell, and WhatsApp phone numbers (U.S. and Mexico), location of work performed for the defendants, and date of birth of all putative collective action members. Defendants shall provide this list within two weeks of the entry of this order.

The Court AUTHORIZES the notice [DE 75-1] to be distributed by plaintiffs' counsel in English and Spanish to potential opt-in plaintiffs by U.S. mail within two weeks from the date defendants provide to plaintiffs the opt-in plaintiffs' contact information. The Court AUTHORIZES the information in the notice to be distributed by text and/or WhatsApp message, social media including but not limited to Facebook, posting on a website, notification and provision of the notice and form(s) to the Mexican Consulate, and radio in Mexico.

The Court ORDERS defendants to post the notice [DE 75-1] in English and Spanish at all worksites and employer-provided housing for H-2A farmworkers in North Carolina under

6

the ownership or control of any of defendants until resolution of this action or December 31, 2023, whichever is earlier. Defendants must provide the notice to current employees with the employees' paychecks within two weeks after entry of the Court's Order.

The Court AUTHORIZES the "Consent to Join FLSA Unpaid Wages Lawsuit" [DE 67-5] for distribution to the putative members of the collective action. The date limiting the preliminary joinder of opt-in plaintiffs filing Consent to Sue forms shall be six (6) months from the date defendants provide plaintiffs with the contact information detailed above.

SO ORDERED, this __14__ day of April, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7

Case 5:22-cv-00187-BO   Document 77   Filed 04/17/23   Page 7 of 7